IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PHUONG LISA RICKETTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. |
| ) | **JURY DEMAND** |
| **ENVIRONMENTAL SYSTEMS** ) | |
| **PRODUCTS, INC.** ) | |
| ) | **Judge** _____ |
| ) | **Magistrate Judge** _____ |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant: <u>Count One</u> - Violations of the Civil Rights Act of 1991, 42 U.S.C. § 1981; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and <u>Count Three</u> - Violations of the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq.;* <u>Count IV</u>- Violations of the ADEA.

1.  Plaintiff, Phuong Lisa Ricketts, resides in Wilson County, Tennessee.

2.  Defendant, Environmental Systems Products, Inc., is a Connecticut corporation and has its principal place of business at 1619 Elm Hill Pike, Nashville, Davidson County, Tennessee.

### JURISDICTION AND VENUE

3.  This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; and the Tennessee Human Rights Act,

1

T.C.A. §4-21-101 *et seq;* the ADEA, and the common law of the State of Tennessee.

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

**GENERAL FACTUAL ALLEGATION**

8. Plaintiff is an Asian/Vietnamese female age fifty seven. Plaintiff was hired by Defendant in or about March 2006, as a Finance Manager.

9. Defendant employs more than 500 employees in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

10. Defendant is in the business of operating vehicle emissions testing centers for the State of Tennessee.

11. From March 2006 until her termination in April 2010, Plaintiff worked continually in this capacity as well as executing job functions and responsibilities of other positions as needed.

12. Plaintiff applied for a promotion to General Manager in early 2010 to the then current General Manager, a white male. Her General Manager told her she would not even be allowed to apply.

13. Plaintiff then called the Chief Executive Officer of Defendant and told him she wanted to apply for the position of General Manager. Plaintiff was told she would be allowed an interview. After her conversations with the Chief Executive Officer, Plaintiff's General Manager began giving her the cold shoulder treatment.

14. This General Manager, during this time, was inviting male candidates to come and interview the for the open General Manager's position Plaintiff sought.

15. Plaintiff was passed over for the promotion for a younger, Caucasian, American male. Plaintiff had a Bachelor of Science and thirty years' experience in accounting. In addition, Plaintiff had experience working with the outgoing General Manager in contract bidding and negotiations. In addition, Plaintiff had training and knowledge of the operation of the emissions testing facilities.

16. Plaintiff was required to have knowledge about how to operate equipment at the facility. Plaintiff had implemented and managed several accounting and finance applications resulting in significant improvement in efficiency and savings to the Defendant. She had implemented many programs for the Company. Her achievements included providing support for bidding the Memphis RFP, planned, developed, budgeted and administered a financial program according to general accepted accounting principles. She has directed all activities regarding cash receipts, disbursements and other financial transactions to safeguard company assets. She was a Team-Leader for the Sarbanes-Oxley qualification.

17. Plaintiff was as qualified, if not more qualified, than the younger, Caucasian American male that receive the promotion.

18. Plaintiff was subjected to harsher performance and job retention standards than her younger, Caucasian, American male counter-part.

19. Plaintiff was terminated April of 2010 without being given a reason for her termination.

20. Plaintiff's race/national origin, age and gender were motivating factors in her performance evaluations, denial of promotion and termination.

21. Defendant has demonstrated a policy, practice, and custom of discriminating against Plaintiff because of her race/national origin, age and gender.

## COUNT ONE
### Violations of the Civil Rights Act of 1991, 42 U.S.C. 1981
### Against Defendant

22. Defendant's conduct described herein violated the Civil Rights Act of 1991.

23. Defendant acted intentionally, recklessly, or maliciously in the above described conduct in violation of the Civil Rights Act of 1991.

24. Defendant's actions of denying promotions and termination of Plaintiff was a part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991.

25. As a direct and proximate result of Defendant's violation of the Civil Rights of 1991, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT TWO
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

26. Plaintiff filed her charge with the EEOC and received her Right to Sue Letter.

27. Defendant has over 500 employees.

28. During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, is subject to the rule, regulations and penalties of this law.

29. Defendant denied Plaintiff the opportunity to be employed under standards which were afforded other employees.

28. Defendant engaged in, condoned, and ratified harassing and discriminatory conduct of its employees which resulted in a hostile work environment.

29. Defendant is directly or vicariously liable for discrimination under Title VII which results from the discriminatory practices and policies of its employees.

30. This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

31. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the Tennessee Human Rights Act Against Defendant

32. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

33. Defendant is a "person" as defined by the Tennessee Human Rights Act.

34. Defendant did segregate or classify Plaintiff based upon her race/national origin, gender and age in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of T.C.A. §4-21-401.

35. Defendant's failure to promote and termination of Plaintiff resulted from a knowing and intentional pattern of discrimination in violation of the Tennessee Human Rights Act.

36. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT FOUR

### Violations of the Age Discrimination in Employment Act and 42 U.S.C. 1983

37. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act and 42 U.S.C. 1983.

38. Defendant is a "person" as defined by the Age Discrimination in Employment Act.

39. Defendant did segregate or classify Plaintiff based upon her age in a way that

would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee.

40. Defendant's refusal to promote Plaintiff, termination and treat her less favorably than her younger counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

41. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

6. A judgment against Defendant for prejudgment interest; and

7. Such other relief as this Court deems proper.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES


BY: _____
ANDY L. ALLMAN #17857
103 Bluegrass Commons Blvd
Hendersonville, TN 37075
Telephone: (615) 824-3761

*Attorney for Plaintiff*

8

Case 3:12-cv-00432   Document 1   Filed 04/30/12   Page 8 of 8 PageID #: 8